WILLIAM P. COTHARIN v. JOHN F. E. KNOCH AND E. ROSALIE KNOCH.

*Specific performance—Evidence—Inadequacy of price—Laches.*

1. The contention of the defendant in a suit to enforce the specific performance of a land contract, that the contract price was inadequate, has no force where the testimony as to value relates to the time of the trial, nearly three years after the date of the contract, and it appears that in the mean time there has been a rapid increase in the value of land in the locality.

2. A vendee is not chargeable with delay in enforcing his rights under an option to purchase real estate, which was not to be binding until the vendors should be released from all obligations on account of a prior option granted to a third person, so long as the question of the vendors, liability on the prior option is undetermined.

Appeal from Wayne. (Gartner, J.) Argued January 19, 1894. Decided March 20, 1894.

Bill for specific performance of contract. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*Charles W. Casgrain,* for complainant.

*James H. Pound,* for defendants.

McGRATH, C. J. On the 3d of May, 1890, defendants entered into a written contract to convey certain lands to complainant, and this bill is filed to enforce specific performance of that contract. The contract contained the following provision:

"This option shall not be binding, however, until we are released from all obligations on account of an alleged option claimed by Byron Green."

A contemporaneous agreement was executed by complainant, which provided that—

"*Whereas,* one or both of said Knochs did heretofore issue a certain option to one Byron Green for the sale of at least a portion of said premises.

"*And whereas,* neither of said Knochs have ever been paid or tendered anything for or on account of said option by said Green, and both of said Knochs now consider said option wholly void, but both desire not to have two options upon said property at the same time.

"*And whereas,* as a consideration for granting said contract to said Cotharin, he agrees to defend any action which may be brought against either of said Knochs for or on account of said alleged option with said Green.

"Now, therefore, said Cotharin hereby agrees to defend, at his own expense, any and all suits that may be brought against said Knochs, or either of them, for or on account of said contract."

Defendants had, prior to April 3, 1890, placed the lands in the hands of one Hannan for sale. Hannan had influenced defendants to give an option to Green, which expired May 15, 1890. Green filed a bill for specific performance of the contract with him, and that controversy was not finally disposed of until May 20, 1892, when a decree in favor of the Knochs was affirmed by this Court. *Green v. Knoch,* 92 Mich. 26. After that decision, complainant tendered the balance of the cash payment pro-

vided in the contract, and demanded a deed. Defendants contend that complainant did not perform his agreement respecting the defense of suit referred to in the contract.

It appears that on July 2, 1890, defendants caused to be served upon complainant the following notice:

" Please call at once at Justice Kurth's office, on Fort street, and make all the necessary arrangements in regard to the purchase of our property. Should you fail to make your appearance and arrange matters by next Saturday, July 5, 1890, we will say that the agreements between us are broken, and your money and contract are forfeited."

The option to Green was at $900 per acre, and that to complainant at $950. Property in that locality continued to advance rapidly in value. When the Green suit was commenced, does not appear; but it does appear that, when that suit was commenced, complainant, with the consent and approval of defendants, employed the law firm of Moore & Moore, competent attorneys, to defend that suit, and that firm had appeared therein. Afterwards, on July 11, 1890, suit was brought in justice's court by Hannan against defendant John F. E. Knoch for commissions on the sale to Green. It is questionable whether the defense of that suit was contemplated by the contract, but, however that may be, after the commencement of the Hannan suit, defendants consulted with Moore & Moore, who promised to send Mr. Comstock, an attorney in the office of Moore & Moore, to assist Mr. Kurth in the defense of that suit. Mr. Kurth had already been employed by defendants, as their general adviser relating to said matters, on their own account. When the Hannan suit was called, defendants, Kurth, and complainant were present, and the parties proceeded to trial. Comstock was not present, was not sent for, nor was any inquiry made of complainant concerning him. Hannan had judgment. It does not appear that Moore & Moore were notified of

the precise time when said suit was set for trial. After judgment, defendants claim to have been dissatisfied because Comstock did not appear, and employed Mr. Pound to appeal and defend said suit, and afterwards Mr. Pound was substituted as solicitor in the chancery suit. Mr. Pound testifies that defendants came to him with the view of employing him to assist in the cases, but that, inasmuch as he was the attorney in a suit in which Moore & Moore were parties defendant, he could not act with them; that he spoke to complainant about his employment, who said that he had no objections, but that he would not be responsible for his fees. He says that he also applied to complainant to furnish a bond on appeal, but that complainant refused. From this time on, the cases were conducted by Mr. Pound, and no further or other demands were made upon complainant.

The service of the notice of July 2 betrays a disposition on defendants' part to avoid the contract. Complainant had, in good faith, made provision for the defense of the suits in question; and we do not think that the circumstances attending the trial of the Hannan suit, and the employment and substitution of Mr. Pound, would warrant a finding that complainant had failed to perform his agreement, and had forfeited all his rights under the contract. The court below seems to have considered that complainant was in equity bound to pay the expenses of those suits, and ordered the payment thereof.

There is no force in the contention that the contract price of the land was inadequate. The testimony upon the question of value relates to the time of the trial, nearly three years after the date of the contract, and the evidence is that in the mean time there had been a rapid advance in values.

Nor is complainant chargeable with delay. The con-

tract did not contemplate performance until defendants were released from liability to Green.

The decree below is therefore affirmed, with costs to complainant.

The other Justices concurred.