### KERWIN MACHINE CO. *v.* BAKER.

1. EVIDENCE — CONTRACTS — PAROL EVIDENCE — VENDOR AND PUR-CHASER.

    In the absence of fraud or mistake, a written contract which is unambiguous, certain in its terms, and full and complete in itself, is the only contract which the court, in a suit for specific performance, can consider, and its terms cannot be varied or changed by parol evidence.[1]

2. SPECIFIC PERFORMANCE—REMEDY—DISCRETION.

    While the remedy by specific performance is not one of right, and rests in the discretion of the court, such discretion to be exercised is a judicial one and cannot be arbitrarily or captiously exercised, and must be based upon facts proved by competent testimony.

3. SAME—INCREASE IN VALUE.

    The mere fact that real estate has increased in value is insufficient to defeat the right of specific performance of a contract of sale.[2]

4. SAME—CONDITIONS—VENDOR AND PURCHASER.

    Specific performance of a contract to convey a factory site will not issue upon condition that plaintiff erect a factory on such site, where no such condition was inserted in the contract of sale, and if plaintiff was required to meet such condition it would probably be unable to induce a railroad company to make side-track connections, and would have to make them itself at considerable expense.

Appeal from Wayne; Mandell, J. Submitted October 3, 1917. (Docket No. 9.) Decided December 27, 1917.

---

[1] On the general rule that parol evidence not admissible to vary, add to, or alter a written contract, see note in 17 L. R. A. 270.

[2] On refusal of specific performance to contract to convey property because of inadequacy of consideration, see note in 14 L. R. A. (N. S.) 317.

Bill by the Kerwin Machine Company against Herbert L. Baker for the specific performance of a land contract. From a decree for plaintiff, defendant appeals. Affirmed.

*William Henry Gallagher* and *Charles P. O'Neil,* for plaintiff.

*William C. Stuart (John W. Beaumont,* of counsel), for defendant.

BIRD, J. On July 20, 1911, plaintiff, a manufacturing company, entered into an agreement to purchase of defendant, an attorney, 4.43 acres of land in North Detroit for the sum of $1,500, with a down payment of $300 and the balance in five years, with interest payable semi-annually. The price, while reasonably cheap, was fair. The agreement, in the usual form, was drawn by the defendant. The premises were part of a 40-acre tract owned and platted by defendant, and adjoined the Grand Trunk railroad. Plaintiff was engaged in manufacturing heavy machinery, and was desirous of erecting and operating its plant where it could have side-track facilities, and defendant was desirous of having a manufacturing plant on his plat to accelerate the sale of lots. Each was made conversant with the other's desires. No clause requiring the erection of the plant was inserted in the agreement, although it is claimed that defendant wanted such a clause, but plaintiff refused to bind itself by such an agreement. Soon after the execution of the agreement plaintiff entered negotiations with the railroad company for a siding into the premises. Such negotiations continued upwards of a year, but were without results. The premises were beyond the yard limits.

We are satisfied, as was the trial judge, that plaintiff in good faith intended to erect a factory building

on these premises. At that time it was doing a fairly prosperous business, and while it cannot be said that it had safely passed the experimental stage, it had customers in all parts of the country and sufficient cash to insure the erection of its plant. Had it been able to promptly secure the side track, we have no doubt its plant would have been built at once. Later it suffered some financial reverses.

The parties dealt at arm's length. Plaintiff's officers were men of affairs, and defendant was a lawyer of many years' experience. We are satisfied that there was no overreaching or fraud in procuring the contract, and that it was in all regards fairly entered into. The fact that through no fault of plaintiff its hopes and ambitions were not realized does not relieve defendant from his agreement fairly entered into.

In 1914 the value of the premises had materially advanced, and on February 23d of that year defendant wrote plaintiff, insisting that the building and operation of a factory was the sole consideration moving him to enter into the contract; stated that the contract had become forfeited for nonpayment of interest, but expressed a willingness to make an adjustment that would be reasonable and fair to both parties. Conferences and correspondence followed, resulting only in a tender by plaintiff of the full amount due on the contract, and a tender by defendant of the amount already paid; both tenders were refused. This bill was then filed by plaintiff seeking the specific performance of the contract.

The trial judge who heard and saw the witnesses reached the conclusion that the plaintiff had in all regards acted in good faith, that there was no fraud practiced on the defendant, and decreed specific performance. With his conclusions and the decree entered we agree. It would not profit the parties or the profession to detail the testimony. The parties deal-

ing were all men of experience. Defendant had sought out the plaintiff's officers to induce them to purchase this land. He drew the contract. He knew far better than they did that the preliminary negotiations were merged in the written contract; that by its terms and by its terms alone, they were bound. Not for considerable time, over two years and a half, and after the property had more than doubled in value, was there any suggestion by defendant that there was any other consideration than that expressed in the contract prepared and signed by him.

In the absence of fraud, and there was no fraud here, or mistake, and mistake was not alleged or proved, the written contract, being unambiguous, certain in its terms, and full and complete in itself, is the only contract before the court for consideration; its terms cannot be varied or changed by parol proof. *Smith* v. *Mathis,* 174 Mich. 262 (140 N. W. 548); *Ogooshevitz* v. *Arnold,* 197 Mich. 203 (163 N. W. 946).

But it is urged that remedy by specific performance is not a remedy of right, but one of grace, and rests in the discretion of the court. It is true that the remedy is not one of right. It rests and must rest in the discretion of a court of equity. But the discretion to be exercised is a judicial one. It cannot be arbitrarily or captiously exercised. It must be based on facts proved by competent testimony. We are unable to discover any facts so proven in the instant case which would move the court to deny the plaintiff the benefit of its contract and its enforcement specifically; an increase in the value of the premises alone being insufficient to defeat remedy by specific performance. *Cotharin* v. *Knoch,* 99 Mich. 322 (58 N. W. 350).

It is also urged by the defendant that if specific performance is decreed it should be upon condition that plaintiff erect a factory building on the premises. The parties put their engagements in writing without

providing any such condition, and what we have already said might dispose of this question; but in the instant case there are peculiar reasons why this should not be done. Unless plaintiff should be more successful in its negotiations for side-track connections than it has been in the past, a factory building on these premises would not be available to it, and unless occupied and used would be of no benefit to defendant. We do not feel called upon had we the power to insert a provision in the decree that would cause plaintiff considerable expense without any resultant benefit to either of the parties.

It follows from what we have said that the decree of the court below should be affirmed; plaintiff will recover costs.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.