## TALLMAN v. BURROUGHS.

PRINCIPAL AND AGENT—FRAUD—AGENT MAY PURCHASE OF PRINCI-
PAL IN POSSESSION OF ALL THE FACTS.

> Where a principal is in possession of all of the facts and
> gives his consent freely, an agent may purchase property
> intrusted to him to sell, and under such circumstances
> the sale will not be avoided on the ground of fraud, al-
> though about six months later the agent makes a resale
> at a substantial profit.

Appeal from Wayne; Collingwood (Charles B.), J.,
presiding.     Submitted April 25, 1923.     (Docket No.
78.)     Decided October 1, 1923.     Rehearing denied
December 20, 1923.

Bill by Emma Tallman and another against Florence
L. Burroughs for an accounting.     From a decree for
plaintiffs, defendant appeals.     Reversed, and decree
entered for defendant.

*Entenza, Ricca & Bartanen,* for plaintiffs.

*Robert M. Brownson (Stephen V. Riffel,* of counsel),
for defendant.

BIRD, J.     In 1915 plaintiff Emma Tallman was an
elderly lady, possessed of some means, who dealt in
Detroit real estate in a limited way.     She was the
owner of a contract for the purchase of Numbers 153
and 155 Willis avenue.     She was making monthly
payments on the purchase price.     After she had had
possession of the property for a time and paid $700
thereon, she became tired of it.     She had difficulty
about collecting her rents and apparently it did not
improve in value as she had anticipated.     In con-
sequence of this she placed it in the hands of defendant

On right of broker to purchase real estate listed with him for
sale, see notes in 20 L. R. A. (N. S.) 1158; L. R. A. 1915E, 976;
L. R. A. 1918F, 790.

As to fraud and secret dealings or interest of real estate
brokers, see note in 45 L. R. A. 33.

for sale.    The defendant was engaged in buying and selling real estate, and had done considerable business for plaintiff.    After it had been in defendant's hands upwards of six months she reported to plaintiff she was unable to make a sale of the premises, but that she herself would take the property off her hands. Plaintiff consented, and defendant reimbursed her for what she had paid on the contract.    About six months after the conveyance defendant sold the premises at an advance of $1,800.    Plaintiff, upon learning of this, filed her bill to recover the profit, on the theory that defendant, her agent, had defrauded her.

There is very little conflict in the testimony.    Defendant admits that she had handled several real estate matters for plaintiff, that she was on good terms with her, and that she had the Willis avenue property in her hands for sale, but was unable to dispose of it.    That plaintiff was desirous of disposing of the contract and that she advised her she would take it off her hands, and the deal was accordingly arranged.    She denied that she was guilty of any fraud towards plaintiff.

Plaintiff appears to base her charge of fraud solely upon the fact that defendant sold the property six months after she had purchased it.    This fact, standing alone, is not sufficient to establish fraud in this case.    It would be a circumstance which might have some force if considered in connection with other facts tending to show that defendant took an undue advantage of her agency to secure profit to herself. There was no proof that she had received other or better offers for the property.    No proof that she misrepresented any of the facts to plaintiff, or that she withheld any material information from her.    There are some insinuations that defendant colluded with Mr. Mercer, the owner of the title, to bring about her purchase, but there was no proof of it, and both the

owner and defendant explicitly denied it.  On the other hand, the testimony of plaintiff shows that she was desirous of disposing of the property and had concluded to sell it before defendant suggested she would take it off her hands.  The plaintiff testified that she thought as much of defendant as though she had been her own daughter, and that she sold the premises to her because she was anxious to help her.

Upon the question of selling the property, plaintiff testified:

"Mrs. Burroughs said to me:  'Mrs. Tallman, I have been trying to sell that place on Willis avenue for some time, but I cannot sell it.  How would you like to let me have it?'  I said:  'Flossie, just as well you as anybody else.'  Mr. Mercer was present and he said:  'Mrs. Tallman, my advice is—you keep that piece of property.'  I said:  'Well, I would just as soon keep it, but if Mrs. Burroughs wants it, I would just as soon she had it.'"

The courts have very carefully guarded the relation of principal and agent to see that the agent did not secretly profit by the relation, but they have also held that where the principal was in possession of all the facts and gave his consent freely, an agent could purchase property of his principal that he was intrusted to sell.  The rule is well stated in 21 R. C. L. p. 829:

"The doctrine is familiar that an agent cannot, either directly or indirectly, have an interest in the sale of the property of his principal which is within the scope of his agency, without the consent of his principal, freely given, after full knowledge of every matter known to the agent which might affect the principal. If employed to sell, the agent may not become the purchaser; and if employed to buy, he may not be the seller.  An agent may undoubtedly buy of his principal, or have an interest in the sale of property belonging to his principal; but in such case the burden is upon the agent to show that the principal had knowledge, not only of the fact that the agent was buying or interested, but also of every material fact

known to the agent which might affect the principal, and that, having such knowledge, he freely consented to the transaction."

This is in accord with and is supported by the Michigan cases: *Moore* v. *Mandelbaum,* 8 Mich. 433; *McNutt* v. *Dix,* 83 Mich. 328 (10 L. R. A. 660) ; *Green* v. *Knoch,* 92 Mich. 26; *Hutton* v. *Sherrard,* 183 Mich. 356 (L. R. A. 1915E, 976) ; *McCulley* v. *Rivers,* 203 Mich. 417; *Wilson* v. *White,* 223 Mich. 497.

See, also, 1 Warvelle on Vendors (2d Ed.), § 226.

In the present case plaintiff was in possession of all of the material facts. She had grown tired of the property and intended to sell it. She states in her testimony that she had just as soon sell it to defendant as to anyone else. So far as the record shows there was no misrepresentation, no deceit, and the agent dealt with her in good faith. We do not feel that under these circumstances the sale should be avoided. Where the principal consents to the sale there should be some attendant circumstances which indicate bad faith upon the part of the agent before the sale is avoided.

In the bill which was filed in this case other complaints were made, but the chancellor found against the plaintiff, but upon an accounting found that there was due defendant the sum of $410.40. This sum was deducted from the $1,800, with which the chancellor charged defendant in this matter. Under our view of the case plaintiff is not entitled to the profit of $1,800 made on this deal by defendant. This would leave plaintiff owing the defendant $410.40. A decree may pass for defendant for that amount, together with the interest from the time it was due.

The decree is reversed, with costs of this court to the defendant.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.