HODGSON *v.* LAMBERSON.

1. EVIDENCE — PRELIMINARY ARRANGEMENTS MERGED IN WRITTEN CONTRACT—PAROL EVIDENCE INADMISSIBLE TO VARY TERMS OF WRITTEN CONTRACT.

Preliminary arrangements for the purchase of land became merged in the written contract and evidence thereof may not be received to vary or change the terms of the writing.[1]

2. SPECIFIC PERFORMANCE — PRINCIPAL AND AGENT — BURDEN OF PROOF—SPECIFIC PERFORMANCE DISCRETIONARY.

In a suit by the vendee for the specific performance of a land contract, where it appears that plaintiff was the agent of defendants and that fiduciary relations existed between the parties, the burden of proof is upon plaintiff to establish the fairness of his dealings, and unless such burden is discharged the judicial discretion to grant the relief sought is not moved.[2]

3. SAME—BURDEN OF PROOF NOT DISCHARGED.

Evidence *held,* insufficient to discharge the burden resting upon plaintiff to establish the fairness of the contract sought to be enforced.[3]

Appeal from Wayne; Murphy (Alfred J.), J. Submitted January 6, 1925; resubmitted August 14, 1925. (Docket No. 3.) Decided January 28, 1926.

Bill by George H. Hodgson against Blanche Lamberson and another for the specific performance of a land contract. Defendants filed a cross-bill for cancellation of the contract. From a decree for defendants, plaintiff appeals. Affirmed.

*Maurice Dreifuss* (*Arthur J. Hass,* of counsel), for plaintiff.

*John R. Rood,* for defendants.

[1]Evidence, 22 C. J. § 1459; [2]Specific Performance, 36 Cyc. p. 786 (Anno); [3]Id., 36 Cyc. p. 786 (Anno).

Fraud and secret dealings or interest of real-estate broker as affecting their commissions, see note in 45 L. R. A. 33, *et seq.*

FELLOWS, J. Plaintiff is a real estate broker in Detroit. He specializes in Twelfth street property. Defendants had purchased a vacant business lot having 20 feet frontage on this street on contract and had nearly completed the payments of the purchase price. For some years plaintiff had maintained his office building on this lot and paid a small rental. Although not given any writing plaintiff had the lot for sale as defendants' broker for some time and on May 29, 1923, they gave him in writing an exclusive listing for 30 days. He did not sell the property in this period but continued his attempts to make a sale for them. They were hard pressed for money and communicated this fact to plaintiff. On the evening of July 19th, he entered into an agreement with them to purchase the property at $5,700, being $300 a foot, less his commission. The down payment was $900, and the deferred payments were $48 a month, all to be paid in two years. The following morning he saw them and informed them a mistake had been made in preparing the contract and asked them to sign a new one, which they did. This bill is filed to obtain the specific performance of this contract. Defendants insist that the contract was procured by fraud; that plaintiff by taking advantage of the fiduciary relations obtained the property for less than it was worth and upon unusual terms; that the contract was unconscionable, and that plaintiff informed them they could withdraw from the contract if on further reflection after signing it they so desired. From a decree for defendants, plaintiff appeals.

If the fiduciary relation did not exist between the parties and they were dealing at arms' length, I do not think we would hold that a case of fraud was made out. The consideration was not grossly inadequate but I am persuaded plaintiff got the better of the bargain; the terms of the deferred payments

were most favorable to him, and, he admits, were unusual in deals of property of the character here involved. The preliminary arrangements were, of course, merged in the written contract and evidence of them could not be received to vary, or change the terms of the writing. But plaintiff was the agent of defendants; they had confidence in him and trusted him to properly advise them. If what he said to them during the negotiations led them to believe that they were not bound by the contract, and I am satisfied it did, then he not only breached his duty to them, but actually obtained from them a contract which but for the confidential relations and their trust in him he could not have obtained, and which he then intended to enforce to the letter.

Where the confidential relations exist, as here, the burden is upon the agent to establish the fairness of his dealings with his principal who trusts him, and unless such burden is discharged the judicial discretion to grant the relief of specific performance of contracts made between them is not moved. A careful reading of this record leads to the conclusion that this burden has not been discharged by this plaintiff. *Tallman* v. *Burroughs*, 224 Mich. 317.

The decree should be affirmed with costs of this court.

BIRD, C. J., and SHARPE, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.

Justice MOORE took no part in this decision.