## STAUCH *v.* DANIELS.

1. SPECIFIC PERFORMANCE—NOT A MATTER OF RIGHT—EQUITABLE CONSIDERATIONS GOVERN.

   Specific performance is not a matter of abstract right, neither is it subject to arbitrary refusal, but it depends upon equitable considerations.

2. PRINCIPAL AND AGENT—FIDUCIARY RELATIONS—FRAUD—VALIDITY OF CONTRACT.

   Where the owner of land, before accepting an offer to buy it, made by her agent, with whom it was listed for sale, consulted her attorney and banker in relation thereto, the claimed fiduciary relation may not upset the agreement; no fraud being practiced.

3. SPECIFIC PERFORMANCE—LACHES.

   Where, after a contract to sell 62 acres was executed, the abstract disclosed that nine acres belonged to the estate of the seller's deceased husband, subject to her rights as widow, she may not plead laches of the buyer, in defense of a suit for specific performance, because he waited about two years for her to perfect her title to the nine acres, which at first she endeavored to do.

---

[1]Specific Performance, 36 Cyc. pp. 548, 549; 25 R. C. L. 214; 3 R. C. L. Supp. 1412; 4 R. C. L. Supp. 1574; 5 R. C. L. Supp. 1314; [2]Agency, 2 C. J. § 364; Brokers, 9 C. J. § 39; [3]Specific Performance, 36 Cyc. p. 731.

4. EQUITY—LACHES.

    The doctrine of laches is not bottomed on time alone, and, although invoked, when applicable, to serve the ends of equity, except it does so, it is not countenanced.

5. SPECIFIC PERFORMANCE—EVIDENCE—VALUE OF LAND SOLD.

    In a suit for the specific performance of a contract for the sale of land, if the value thereof is considered at all, it must be as of the date of the agreement.

6. SAME—INCREASE IN VALUE NO REASON FOR REFUSING SPECIFIC PERFORMANCE.

    Hardship of the agreement, arising from subsequent increase in value of the property, in the absence of fraud or bad faith in the inception of the agreement, is no reason for refusing specific performance.

7. SAME—MUTUAL MISTAKE.

    Where the owner of land contracted to sell 62 acres, but later discovered that nine acres belonged to the estate of her deceased husband subject to her rights as widow, there was no mutual mistake preventing binding agreement and specific performance.

8. SAME—VENDOR AND PURCHASER — WHERE VENDOR UNABLE TO WHOLLY PERFORM, BUYER MAY ELECT TO TAKE PARTIAL PERFORMANCE.

    Where the seller of 62 acres on land contract is unable to wholly perform because her title to nine acres is imperfect, the buyer has the right to elect to take partial performance, with proportional abatement of the agreed price, and is entitled to specific performance thereof to the extent of the vendor's ability to perform.

Appeal from Oakland; Covert (Frank L.), J. Submitted April 29, 1927. (Docket No. 20.) Decided October 3, 1927.

Bill by Loren G. Stauch against Jennie M. Daniels for specific performance of a land contract. From a decree for plaintiff, defendant appeals. Affirmed.

[4]Equity, 21 C. J. §§ 212, 219; [5]Specific Performance, 36 Cyc. p. 611 (Anno); [6]Id., 36 Cyc. p. 617; 25 R. C. L. 226; 3 R. C. L. Supp. 1413; 4 R. C. L. Supp. 1575; 6 R. C. L. Supp. 1460; [7]Id., 36 Cyc. p. 606; [8]Id., 36 Cyc. p. 740.

A. L. *Moore,* for plaintiff.

*Walter M. Nelson (Walter E. Pear,* of counsel), for defendant.

WIEST, J.   Defendant listed a farm of 62 acres with plaintiff for sale at $325 per acre.   Plaintiff, for himself and Nenian T. Shaw, offered, in writing, to purchase at $300 per acre, pay $100 upon acceptance of the offer, $400 upon execution and delivery of land contracts, and the balance in semi-annual payments of $500 or more, with interest at 6 per cent.   Later Shaw transferred his rights to plaintiff.   An abstract showing merchantable title was to be furnished.   Defendant consulted an attorney, and advised with her banker, who was familiar with the value of the farm, accepted the offer in writing, and received the $100 payment January 2, 1924.   The abstract disclosed that nine acres of the farm belonged to the estate of her deceased husband and she had a widow's right therein, to be measured as the widow of an intestate without issue. Steps were then taken by defendant to probate the estate and also to acquire the undivided interests of several heirs.   One such interest only was acquired by defendant.   The purchasers were insistent upon fulfillment of the agreement and defendant offered to perform as follows:

"I told him he could have what I did have but I couldn't sell what I didn't—what didn't belong to me; he could have the rest of it but I couldn't sell what didn't belong to me.   *   *   *   Yes, I told him he could have the ground that was left that was mine; he could have that; he could have the $100 back, and he said he didn't want the $100; he wanted the ground, and I told him I couldn't sell what didn't belong to me."

While plaintiff was insisting upon performance, land values in that vicinity took a sudden rise and kept on rising until, at the time of the hearing, in January, 1926, the land in suit was valued at $1,500 per acre

by the banker with whom defendant counseled at the time the agreement was made.    The banker was quite right in his approval of the sale at $300 per acre in January, 1924.    This is established by other sales of nearby property about that time at $250 and $300 per acre.    The banker was also right in the valuation of two years later.    This sudden and great rise in value, together with, as she claims, the insistence of plaintiff upon having the nine acres, caused her to refuse to do anything.    Thereupon plaintiff, in January, 1925, made a tender of the $400 mentioned in the agreement, and July 14, 1925, filed the bill herein for specific performance.    The decree in the circuit granted specific performance, limiting, however, contract with reference to the nine acres to defendant's undivided interest therein.    Defendant appealed.

Specific performance depends upon equitable considerations; it is not a matter of abstract right; neither is it subject to arbitrary refusal.    The listing constituted plaintiff defendant's agent, but the claimed fiduciary relation, there being no fraud practiced and defendant taking counsel with her attorney and advice from her banker, cannot upset the agreement.    Defendant is in no position to plead laches by plaintiff. She endeavored to perfect her title to the nine acres and during such period plaintiff very properly awaited the result of her efforts.    We do not know how much time was taken.    The doctrine of laches is not bottomed on time alone; it is invoked, when applicable, to serve the ends of equity, and, except it does so, is not countenanced.

We are urged to hold that the sudden and great increase in value of the property admits of refusal to decree specific performance.    If we consider value at all it must be of the date of the agreement.    Hardship of the agreement, arising from subsequent increase in value of the property, in the absence of fraud

or bad faith in the inception of the agreement, is no reason for refusing specific performance. *Cotharin* v. *Knoch*, 99 Mich. 322; *Ogooshevitz* v. *Arnold*, 197 Mich. 203; *Kerwin Machine Co.* v. *Baker*, 199 Mich. 122; *Keogh* v. *Peck*, 316 Ill. 318 (147 N. E. 266, 38 A. L. R. 1151); *Eakin* v. *Wycoff*, 118 Kan. 167 (234 Pac. 63); 25 R. C. L. p. 225, § 22.

Plaintiff did not remain inert, awaiting rise in value, but was so insistent that defendant says she went to Florida in order to avoid his importunities. There was no mutual mistake preventing binding agreement and specific performance. Defendant agreed to grant the whole 62 acres, but later found title was not solely in her as to nine acres, and then sought to obtain such title, and did obtain an undivided interest. Defendant should have carried out her agreement to the extent of her ability to do so, and that is all the decree in the circuit exacts.

Plaintiff had a right to elect to take partial performance and have proportional abatement of the agreed price. *McCreary* v. *Stallworth*, 212 Ala. 238 (102 South. 52). We think defendant intended to carry out the agreement so far as she could until the lure of more money led her to change her mind. Her change of mind has not released her from the agreement.

The decree in the circuit is affirmed, with costs against defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.