STUART *v.* GONYEA.

1. SPECIFIC PERFORMANCE—NOT A REMEDY OF RIGHT.
   Specific performance is only a matter of grace and not a matter of right, and depends upon equitable consideration.

2. SAME—EQUITY—DELAY—ABANDONMENT.
   A vendee who was an experienced business man, who failed to make payment when due, who never took possession, did not pay the taxes as required by his contract, and who led his vendors, elderly people inexperienced in business, to believe that he had abandoned his contract, was not equitably entitled to specific performance, where he waited for more than two and one-half years and brought suit only after the property had been sold to third parties at a much higher price, although he never surrendered or canceled his contract.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted January 10, 1929. (Docket No. 60, Calendar No. 34,138.) Decided March 28, 1929.

Bill by Alexander J. Stuart against Noah Gonyea, Rose Gonyea, and Frank S. Livernois for specific performance of a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Harry H. Wait,* for plaintiff.

*Thomas A. E. Weadock,* for defendants Gonyea.

*Raymond J. Kelley (Campbell, Bulkley & Ledyard,* of counsel), for defendant Livernois.

NORTH, C. J. This suit was brought to enforce specific performance of a land contract conveying 120 acres of land in Brownstown township, Wayne county. The relief sought was denied and plaintiff has appealed. Noah Gonyea and Rose Gonyea, husband and wife, and hereinafter referred to as the defendants, executed the contract involved, bearing date October 2, 1922, and by it they agreed to sell their farm to the plaintiff's daughter, Mrs. Edna Hall, for $30,000. There was a down payment of $200. An additional payment of $6,800 was to be made in 90 days, and the balance of the purchase price was to be paid within two years. Notwithstanding his daughter was named as vendee, the plaintiff was the real party in interest and will be considered herein as the actual vendee. It is admitted that nothing was paid on this contract after the first $200. The defendants claim that they made repeated demands for payment after the $6,800 was due; and that finally in the latter part of March, 1923, they were told by the plaintiff that he did not

want the farm, and that he thereupon returned their abstracts to them. The contract was not surrendered or canceled; but the defendants, who were elderly people and inexperienced in matters of this character, claim they understood the transaction was at an end. Under the contract, the vendee was entitled to possession March 1, 1923, but possession was neither taken nor asked. The vendee did not pay the taxes, although the contract provided the vendee should do so. The property seems to have increased in value materially, and on June 26, 1925, Mr. and Mrs. Gonyea sold it for $56,000 to the other defendant, Frank S. Livernois. One thousand dollars in cash was paid and title conveyed by warranty deed with a mortgage back for the unpaid portion of the purchase price. Prior to this and on June 2, 1925, Mrs. Hall had executed a quitclaim deed of her interest as a contract purchaser to her father, the plaintiff. This quitclaim deed was recorded on the day of its execution. Notwithstanding this the undisputed proof is that Mr. Livernois at the time of his purchase had no knowledge that the plaintiff or his daughter had ever held any interest or right in this land. After learning of the purchase by Mr. Livernois the plaintiff made a tender to Mr. and Mrs. Gonyea and demanded a conveyance of the property. The tender was insufficient in amount. Conveyance of the title was refused by the vendors. This occurred January 9, 1926, and this bill for specific performance was filed three days later.

While the contract from Mr. and Mrs. Gonyea to Mrs. Hall bears date October 2, 1922, it is claimed by the defendants it was presented to them by Mr. Stuart on Sunday, October 1st, and was executed and delivered by them on that date, and, therefore, being a Sunday contract, is unenforceable. There

was a conflict of testimony touching this question, but the trial judge found with the defendants and this was one of the grounds upon which he based his decree denying specific performance. He also held that "on the general well-established principles of equity the bill should be dismissed." We are of the opinion that his determination was justified by the record.

The plaintiff was an experienced business man, he was vice-president of a Detroit bank and a dealer in real estate. The proof discloses that the copy of the contract between his daughter and the defendants which he left with the vendors was not executed by the vendee. This record is persuasive of the defendants' claim that they were led to believe the plaintiff had wholly abandoned any right acquired under the contract, and it was only after he learned of the sale to Mr. Livernois at a materially advanced price that the plaintiff decided to press his claim under the contract. His conduct incident to this transaction has not been such as entitles him to equitable relief. Specific performance depends upon equitable consideration. It is only a matter of grace and not a matter of right. *Stauch* v. *Daniels,* 240 Mich. 295; *Caplan* v. *Rausch,* 235 Mich. 693. A just result was reached in the trial court, and the decree there entered is affirmed, with costs to the appellees.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.